tor to pay petitioner such sum.   The surrogate adjudged the executor in contempt, and he appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles P. Buckley,* for appellant.   *Wm. M. Mullen,* for respondent.

PRATT, J.   The moving papers do not show a demand upon the executor for payment, which has been held to be necessary before a proceeding in contempt can be maintained.   *McComb* v. *Weaver,* 11 Hun, 271.   There is no allegation showing absence or concealment of the debtor, or any other reason why a demand would be impossible or difficult.   We see no reason why the general rule requiring a demand should be departed from in this case.   The indebtedness in the present case has none of the features of a tort.   It is not for money which the executor has received, and for which he fails to account. It is for a debt allowed to be owing from him to the estate.  If the debt is due, and the set-off claimed does not exist, it might support a decree against him upon which an execution could issue.   After the return of the execution, if defendant had money in his hands which, after an order duly made, he unjustly refused to apply upon the debt, an order punishing him for contempt may be made.   That is not in this proceeding.   The papers show that appellant is insolvent, and unable to pay the amount decreed.   Where the debt is not fiduciary in its origin, does not rest in tort, inability to pay the sum demanded is an answer to the motion to punish for contempt in not paying.

Order reversed, with costs of both courts to appellant.

---

KALBFLEISH *et al.* v. KALBFLEISH *et al.*

(*Supreme Court, General Term, Second Department.*   February 11, 1891.)

RECEIVERS—ADVANCES UNDER ORDER OF COURT.

Where a receiver shows that he has among the assets of his assignor shares of stock of a corporation, that such shares are in immediate danger of becoming valueless by the inability of the corporation to pay its working expenses, the court may authorize the receiver to advance money to such corporation, taking security therefor, to enable it to continue its business.

Appeal from special term, Kings county.

Action by Albert M. Kalbfleish and another against Charles H. Kalbfleish, to dissolve the firm of Martin Kalbfleish's Sons, which had failed.   William Brookfield, as receiver of the property of Martin Kalbfleisch's Sons, filed a petition showing that he had in his possession, as such receiver, certain shares of the stock of the Bushwick Chemical Works, which were in immediate danger of being rendered valueless by reason of the fact that the Bushwick Chemical Works was without funds necessary to enable it to continue its business. The court thereupon made an order authorizing the receiver to advance money to said corporation for the purpose of enabling it to continue its business, on condition that it convey to the receiver all its property to secure such advancements.   Various creditors of the firm moved to vacate the order, and they appeal.

*C. Bainbridge Smith,* for appellants.   *Alexander & Green* and *Charles F. MacLean,* for the receiver, respondent.   *Bergen & Dykman, Dillaway, Davenport & Leeds, Charles Robinson Smith,* and *Lucien B. Chase,* for other respondents.

PRATT, J.   The appellant contends that the order made August 6, 1886, in effect, appointed a receiver of a corporation, and that the court had no jurisdiction to appoint such a receiver.   The answer is that the order did not appoint a receiver, of a corporation ·or otherwise.   It authorized a receiver, whose appointment is not questioned, to advance money for the benefit of a corporation upon terms which the court specified, and to which the corpora-

tion, by its board of trustees, afterwards assented. The loan was made, and has been repaid. We are not able to see that it was unwise. So far as we can judge, no other course could have been discreetly pursued; and, were the wisdom of the order doubtful, the laches of appellants in waiting four years before making complaint would deprive their present application of merit. We find nothing in the case requiring discussion. Order affirmed, with costs.